IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ________________

COLORADO REMEDIATION TECHNOLOGIES, LLC,
a Colorado limited liability company,

Plaintiff,

v.

LATIS NETWORKS, INC. D/B/A STILLSECURE, a Delaware corporation,

Defendant.

---

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

---

Plaintiff Colorado Remediation Technologies, LLC ("CRT") files this Complaint against Defendant Latis Networks, Inc. d/b/a StillSecure ("StillSecure") alleging as follows:

## I. <u>THE PARTIES</u>

1. CRT is a Colorado limited liability company with a principal place of business located in Denver, Colorado.

2. Upon information and belief, StillSecure is a Delaware corporation, with its principal place of business located at 100 Superior Plaza Way, Suite 200, Superior, Colorado, 80027. StillSecure can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## II. JURISDICTION AND VENUE

3. This Court has exclusive jurisdiction of this action for patent infringement pursuant to 28 U.S.C. § 1338(a).

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

6. StillSecure is subject to personal jurisdiction in this judicial district pursuant to C.R.S. § 13-1-124 because it resides and regularly transacts business within the State of Colorado and also has committed tortious acts within this State as set forth herein such that it reasonably knew and/or expected that it could be hauled into court as a consequence of such activity. Accordingly, this forum is a fair and reasonable one.

7. Venue over this action is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## III. THE PATENT-IN-SUIT

8. On February 16, 2010, United States Patent No. 7,665,119 ("the '119 Patent") was duly and legally issued for "Policy-Based Selection of Remediation." A true and correct copy of the '119 Patent is attached as Exhibit A.

9. CRT is the owner by assignment of all right, title and interest in and to the '119 Patent, with full and exclusive right to bring suit to enforce this patent, including the right to bring suit and collect damages for past infringement. All ownership rights to the '119 Patent were assigned to CRT by virtue of an assignment, which was recorded with the United States Patent and Trademark Office (USPTO) on November 1, 2011 at Reel 027154, Frame 0556.

10. The '119 Patent generally relates to policy-based selection of remediation(s) and deployment of the selected remediation(s) to a device that has been potentially the subject of unauthorized activity or manipulation, such as a laptop computer.

11. The Abstract of the '119 Patent relevantly provides:

> A method, of automatically determining one or more remediations for a device that includes a processor, may include: receiving values of a plurality of parameters which collectively characterize an operational state of the device, there being at least one policy associated with at least a given one of the plurality of parameters, policy defining as a condition thereof one or more potential values of, or based upon, the given parameter, satisfaction of the condition potentially being indicative of unauthorized activity or manipulation of the device; automatically determining, from the received parameter values, whether the conditions for any policies are satisfied, respectively; and automatically selecting one or more remediations for the device according to the satisfied policies, respectively.

12. Independent Claims 1 and 26 of the '119 Patent read:

> 1. A method of automatically determining one or more remediations for a device that includes a processor, the method comprising:
>
> receiving values of a plurality of parameters which collectively characterize an operational state of the device, there being at least one policy associated with at least a given one of the plurality of parameters, the at-least-one policy defining as a condition thereof one or more potential values of, or based upon, the given parameter, violation of the condition potentially being indicative of unauthorized activity or manipulation of the device;
>
> automatically determining, from the received parameter values, whether the conditions for any policies are violated, respectively; automatically selecting one or more remediations for the device according to the violated policies, respectively; and
>
> deploying the one or more selected remediations to the device, wherein the deploying of the one or more selected remediations includes automatically mapping the one or more selected remediations to one or more actions the execution of which carries out the one or more selected remediations, respectively.
>
> 26. A machine-readable medium comprising instructions, execution of which by a machine determines one or more remediations for a device that includes a processor, the machine-readable instructions including:

a first code segment to receive values of a plurality of parameters which collectively characterize an operational state of the device, there being at least one policy associated with at least a given one of the plurality of parameters, policy defining as a condition thereof one or more potential values of, or based upon, the given parameter, violation of the condition potentially being indicative of unauthorized activity or manipulation of the device;

a second code segment to automatically determine, from the received parameter values, whether the conditions for any policies are violated, respectively;

a third code segment to automatically select one or more remediations for the device according to the violated policies, respectively; and

a fourth code segment to automatically create, for each violated policy, a machine-actionable map between the policy, the corresponding one or more selected remediations and the device.

13. The '119 Patent remains valid and enforceable and is presumed valid and enforceable pursuant to 35 U.S.C. § 282.

## IV. DEFENDANT'S INFRINGEMENT

14. Upon information and belief, and as further described below, StillSecure has manufactured, made, had made, used, practiced, imported, provided, supplied, distributed, sold and/or offered for sale products and/or services in the United States that infringe one or more claims of the '119 Patent.

15. StillSecure's products and services include network security products, Network Access Control (NAC) software and managed security services.

16. By way of example only, StillSecure's marketing materials relating to its Safe Access NAC solution relevantly state "Safe Access … ensures that compromised, dangerous endpoints don't get on your network and cause havoc. It thoroughly tests all endpoints—Windows and Macs belonging to guests, employees, contractors, partners, and students—to verify they are compliant with your security and access policies. Based on test results, Safe

Access restricts non-compliant machines to segments of the network where they can't cause harm." StillSecure's marketing materials further relevantly indicate "[w]ith the addition of StillSecure Safe Access … devices would now be tested for compliance. If they failed, they would be automatically remediated, retested and then placed on the production network." The verification of endpoint compliance with security and access policies and subsequent performance of automatic remediation of noncompliant endpoints in this manner directly infringes one or more claims of the '119 Patent.

## V. CLAIM FOR RELIEF
**(Patent Infringement – U.S. Patent No. 7,665,119)**

17. CRT incorporates by reference each and every allegation in paragraphs 1 through 16 as though fully set forth herein.

18. StillSecure has manufactured made, had made, used, practiced, imported, provided, supplied, distributed, sold, and/or offered for sale products that practice or embody one or more of the inventions claimed in the '119 Patent in violation of 35 U.S.C. § 271(a).

19. CRT has been damaged as a result of StillSecure's infringing conduct. StillSecure is thus liable to CRT in an amount that adequately compensates CRT for such infringement which cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## VI. JURY DEMAND

CRT hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VII. PRAYER FOR RELIEF

CRT requests that the Court find in its favor and against StillSecure, and that the Court grant CRT the following relief:

A. Judgment that one or more claims of the '119 Patent have been directly infringed, either literally, and/or under the doctrine of equivalents, by StillSecure;

B. Judgment that StillSecure account for and pay to CRT all damages to and costs incurred by CRT because of StillSecure's infringing activities and other conduct complained of herein in an amount not less than a reasonable royalty;

C. That CRT be granted pre-judgment and post-judgment interest on the damages caused to it by reason of StillSecure's infringing activities and other conduct complained of herein;

D. That CRT be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Dated: November 4, 2011

By: s/ Benjamin B. Lieb

Benjamin B. Lieb
blieb@sheridanross.com
Patricia Y. Ho
pho@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
(303) 863-9700
(303) 863-0223 (facsimile)
litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF